# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| The Wing Boss, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 4:23-cv-02594 |
| v. ) | |
| ) | |
| Dickey's Barbecue Pit Inc. ) | |
| ) | |
| Defendant. ) | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

Plaintiff, The Wing Boss, LLC, by counsel, and Defendant Dickey's Barbecue Pit Inc., by counsel, submit their Joint Discovery/Case Management Plan.

1. State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.

    A. The conference of the parties was held on October 11, 2023. In attendance on behalf of Plaintiff was Katie Charleston of Katie Charleston Law, PC. In attendance on behalf of Defendant was Jacqueline Brousseau and Aimee Housigner of Greenberg Traurig, LLP.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    A. *The Wing Boss LLC v. Dickey's Barbecue Pit, Inc.*, before the United States Patent and Trademark Office, Trademark Trial and Appeal Board, Cancellation No. 92082799, Registration No. 6725850.

  B. The Wing Boss LLC v. Dickey's Barbecue Pit, Inc., before the United States Patent and Trademark Office, Trademark Trial and Appeal Board, Cancellation No. 92082798, Registration No. 6634501.

3. Specify the allegation of federal jurisdiction.

  A. This case arises out of federal law, namely, The Lanham Act, U.S.C. § 1051 et seq.

  B. This Court has subject matter jurisdiction over Defendant's counterclaims because the claims address federal questions concerning the Lanham Act, trademark infringement of federal registered trademarks pursuant to 15 U.S.C. § 1114, and federal unfair competition pursuant to 15 U.S.C. § 1125(a).

4. Name the parties who disagree and the reasons.

  A. None.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

  A. None.

6. List anticipated interventions.

  A. Mediation is anticipated by the parties.

7. Describe class action issues.

  A. There are no class action issues.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

  A. The parties will exchange initial disclosures by October 25, 2023.

9. Describe the proposed agreed discovery plan, including:

    a. Responses to all the matters raised in Rule 26(f).

    b. When and to whom the plaintiff anticipates it may send interrogatories

        i. Plaintiff intends to propound interrogatories within 30 days on:

            1. Defendant;

        ii. Plaintiff reserves the right to subpoena documents for any third parties identified in Defendant's iitial disclosures or discovery responses.

    c. When and to whom the defendant anticipates it may send interrogatories.

        i. Defendant plans to propound interrogatories on Plaintiff within 30 days.

        ii. Defendant reserves the right to subpoena for documents any third parties identified in Plaintiff's initial disclosures or discovery responses.

    d. Of Whom and by when the plaintiff anticipates taking oral depositions.

        i. Plaintiff intends to take a deposition of Defendant pursuant to F.R.C.P 30(b)(6) and depositions of any parties identified by Defendant in its initial disclosures or discovery responses in or around February or March 2024.

    e. Of Whom and by when the defendant anticipates taking oral depositions.

        i. Defendant intends to take a deposition of Plaintiff pursuant to F.R.C.P 30(b)(6) and depositions of any parties identified by

Plaintiff in its initial disclosures or discovery responses in or around February or March 2024.

f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

   i. Plaintiff expects to be able to designate experts by June 28, 2024.

   ii. Defendant expects to be able to designate experts by June 28, 2024.

g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

   i. Plaintiff intends to depose any expert so designated by Defendant by August 2, 2024.

h. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report).

   i. Defendant intends to depose any expert so designated by Plaintiff by September 30, 2024.

10. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

   a. The parties agree on the discovery plan.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

   A. There has been an informal exchange of information.

12. State the date the planned discovery can reasonably be completed.

A. Fact discovery to be completed by May 31, 2024.

B. Expert discovery to be completed by August 31, 2024.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    A. The parties are open to early settlement and mediation.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    A. The parties have preliminarily and informally exchanged information.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    A. Mediation.

16. Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    A. Plaintiff is agreeable to a Magistrate Judge.

17. State whether a jury demand has been made and if it was made on time.

    A. A jury demand was timely made.

18. Specify the number of hours it will take to present the evidence in this case.

    A. 3-5 days.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    A. None.

20. List other motions pending.

    A. There are no other pending motions.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    A. Nothing.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

    A. Katie M. Charleston, TX State Bar No. 24104606, S.D. TX Bar No. 3816349, 1905 S. New Market Street, Suite 169, Carmel, IN 46032; PH: (317) 663-9190

    B. Aimee Housinger, Texas Bar No. 24083203, GREENBERG TRAURIG, LLP, 1000 Louisiana Street, Suite 6700, Houston, TX 77002; PH: 713-374-2570; Jacqueline Brousseau (admitted *Pro Hac Vice*), GREENBERG TRAURIG LLP, 77 W. Wacker Drive, Suite 3100, Chicago, IL 60601; Phone: 312-456-8400; Barry R. Horwitz (admitted *Pro Hac Vice*), GREENBERG TRAURIG LLP, 77 W. Wacker Drive, Suite 3100, Chicago, IL 60601; Phone: 312-456-8400.

Dated: October 17, 2023

| KATIE CHARLESTON LAW, PC | GREENBERG TRAURIG LLP |
|---|---|
| By: /s/ *Katie Charleston* | By: /s/ *Jacqueline Brousseau* |
| Katie M. Charleston | Aimee Housinger |
| Attorney-in-charge | Texas Bar No. 240832031000 |
| TX State Bar No. 24104606 | Louisiana Street, Suite 6700 |
| S.D. TX Bar No. 3816349 | Houston, TX 77002 |
| 1905 S. New Market Street, Suite 169 | Phone: 713.374.2570 |
| Carmel, IN 46032 | Fax: 713.374.3505 |
| PH: (317) 663-9190 | housingera@gtlaw.com |
| Fax: (317) 279-6258 | |
| Email: katie@katiecharlestonlaw.com | Barry R. Horwitz |
| | (*Admitted Pro Hac Vice*) |
| **Counsel for Plaintiff** | Jacqueline Brousseau |
| | (*Admitted Pro Hac Vice*) |

77 W. Wacker Drive, Suite 3100  
Chicago, IL 60601  
Phone: 312.456.8400  
Fax: 312.456.8435  
barry.horwitz@gtlaw.com  
jacqueline.brousseau@gtlaw.com  

**Counsel for Defendant**